[No. 7,173.—Department Two.]

RUDOLPH WITTENBROCK v. JOHN BELLMER ET AL.

ACTION — PRINCIPAL AND AGENT — RATIFICATION — ASSIGNMENT.—The plaintiff sued as assignee of a demand, and it appeared that the alleged assignment had been made by an agent, without authority from the principal; held, that proof of a ratification of the assignment, made subsequently to the commencement of the action, was unavailing.

ID.—SUPPLEMENTAL COMPLAINT.—If a party has no cause of action at the time of its commencement, he cannot maintain it by filing a supplemental complaint founded upon matters which have subsequently occurred.

NEW TRIAL—PRACTICE.—A notice of a motion for a new trial was addressed to and served upon the plaintiff's attorney alone, and the Court granted a new trial. Held, that a defendant who had appeared in the action and filed an answer to the moving defendant's cross-complaint, could not be affected by the order granting a new trial, and as to him it should be reversed.

APPEAL from an order granting a defendant a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

L. S. Taylor, and Haymond & Allen, for Appellant.

A. C. Freeman, for Respondent.

SHARPSTEIN, J.:

This is an appeal from an order granting a new trial.

The action was brought to foreclose a mortgage executed by two of the defendants to the Germania Building and Loan Association to secure the payment of $3,000 and interest, according to the provisions of a promissory note of the same date.

The plaintiff alleges, that on the 9th day of July, 1878, the Association assigned and transferred the note and mortgage to him. This allegation is denied by the answer of Bellmer. The Court found that the allegation of the plaintiff was true. One

of the grounds upon which the motion for a new trial was based, is that the evidence is insufficient to justify the findings and decision of the Court in this particular. If that be so, or if there is any evidence to justify a finding to the contrary, the order granting a new trial cannot be disturbed. The evidence shows that on the day when the assignment is alleged to have been made, the president of the Association attempted to assign the note and mortgage to the plaintiff; and for that purpose executed an instrument which is sufficient in form to effect that object. His authority to assign or transfer those instruments is denied. And it appears that, up to the time of the alleged assignment, the trustees of the Association had only authorized him to accept payment of the note and mortgage from one William Kleinsorge. This, clearly, would not authorize an assignment of them to some other person; and we do not understand that it is claimed that it did. But after this action had been pending for several months, the trustees of the Association attempted to ratify the previous action of its president in the premises, and it is claimed that such ratification related back to the date of the act ratified, and was equivalent to an original authority, according to the maxim that *omnis ratihabitio mandato æquiparatur.* That such was its effect, as between the Association, its president, and the assignee, we do not doubt. And yet we are unable to discover any principle upon which the defendant's rights could be affected by such ratification. Conceding that at the date of the commencement of the action the plaintiff had no cause of action, it does not seem to us that he could maintain the action upon a cause of action subsequently acquired against the defendant. The case was at issue, and if it had been tried at any time prior to the date of the ratification, the judgment must have been for the defendant. Could a stranger to the action step in at any time before the trial and deprive the defendant of that right, by placing in the hands of his adversary an instrument upon which he might have maintained an action? or one which he alleged that he had, but in fact did not have, when he commenced the action? Clearly, not. If a party has no cause of action at the time of the institution of his action, he cannot maintain it by filing a supplemental complaint founded upon matters which have subsequently occurred.

It is only when the plaintiff is, at the time of the commencement of his action, entitled to some relief, that he can avail himself of facts which afterwards occur, by setting them out in a supplemental complaint. In this case, the plaintiff could not have availed himself of the facts occurring after the commencement of his action, either by an amendment to his original complaint, or by filing a supplemental complaint, and *a fortiori* he could not without doing either. Upon this ground, the order granting a new trial as to the defendant Bellmer must be affirmed.

But a judgment was rendered in favor of one William Kleinsorge, who was made a party to the action, filed an answer to the defendant's cross-complaint, and now appeals from the order, which he insists should be reversed as to him, on the ground that he was not made a party to the motion. The notice of the motion was addressed to " the plaintiff and his attorneys," and was served upon the attorneys of the plaintiff alone. It was not served upon Kliensorge, who appeared in the action in person. Under such circumstances, he could not be affected by the order granting a new trial, and as to him it must be reversed.

Order affirmed as to the plaintiff and defendants in the action, and reversed as to William Kliensorge.

MYRICK, J., and THORNTON, J., concurred.