[S. F. No. 1412. Department One.—June 6, 1899.]

CHARLES L. DINGLEY, Jr., Respondent, v. R. H. Mc-
DONALD et al., Defendants. JAMES M. McDONALD,
Appellant.

AGENCY — COLLECTION OF CLAIM—DELEGATION OF AUTHORITY—INVALID
ASSIGNMENT BY ATTORNEY.—An authority given by a bank to its
cashier to take all necessary steps that he may deem best for
its benefit, in the matter of its claim against another bank,
does not empower the cashier to delegate authority to an at-
torney to assign the claim, nor to substitute the attorney as gen-
eral agent of the bank in his stead; and his putting the claim in
the hands of an attorney, with authority to act as he deemed
best, without further consulting the bank, merely makes the
attorney a special·agent of the bank, with general power to col-
lect the claim in the name of the principal, and does not au-
thorize him to assign the claim to another person for collection
by suit against the stockholders of the other bank, and such
assignment by the attorney is invalid.

ID.—ASSIGNMENT FOR COLLECTION—DELEGATION OF DISCRETIONARY POWER.
An assignment of a claim for collection made by an attorney
to a third person is an attempted delegation of discretionary
power to control the action to collect the claim, as distinguished
from power to do a purely mechanical act, and cannot be made,
under section 2349 of the Civil Code, unless specially authorized
by the principal, or impliedly authorized by imperative neces-
sity, or a proved usage in particular cases, as incident to the
power to collect.

ID.—POWER BASED UPON TRUST AND CONFIDENCE—RULE AS TO DELEGA-
TION—EXCEPTIONS.—General power given to an agent which is
based upon special confidence in his personal ability and in-
tegrity, cannot, as a general rule, be delegated by the agent so
as to bind the principal, in the absence of authority, from the
principal, express or implied, to make such delegation, and the
only exceptions to this rule are those enumerated in section 2349
of the Civil Code.

ID.—RATIFICATION AFTER SUIT BROUGHT—RIGHTS OF DEFENDANTS NOT
AFFECTED.—The ratification by the bank of the act of its attorney
in assigning the claim for collection, made after the commence-
ment of a suit on the claim by the assignee, can only have effect
as between the parties to the assignment, and cannot affect the
rights of the defendants sued to defend the action, upon the
ground that the plaintiff had no interest in the claim sued upon
when the action was begun.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial. James M. Troutt, Judge.

The facts are stated in the opinion.

Sawyer & Burnett, for Appellant.

H. A. Powell, and W. A. Dow, for Respondent.

CHIPMAN, C.—Action to recover judgment against defendants as stockholders of the Pacific Bank, upon its indebtedness to the Exchange National Bank of Spokane (referred to hereafter as the Spokane bank), plaintiff's assignor. Several causes of action were set forth in the complaint, but one of which is here on appeal. Plaintiff had judgment, from which and from the order denying motion for a new trial defendant J. M. McDonald appeals. Appellant contends that the assignment of the claim to plaintiff was without authority, and that as he had no interest in the claim at the commencement of the action he cannot recover. The complaint was filed May 18, 1896. The court found that on that day the Spokane bank "assigned and set over to plaintiff, for the purpose of collection, all its claim and demand against said Pacific Bank . . . . and all right of action for said sum, and plaintiff is now the owner and holder thereof." This finding is challenged as not supported by the evidence. It seems that several of the creditors of the Pacific Bank made assignments of their claims in one instrument to plaintiff. This instrument on behalf of the Spokane bank was executed in the following terms: "Exchange National Bank, by W. H. Chickering, its Atty."

A document was admitted in evidence showing that on February 20, 1897, the Spokane bank passed a resolution confirming and ratifying said assignment by said Chickering "and all proceedings thereunder." Defendant objected on the ground that it was executed after the commencement of the action. The evidence showed that the claim was in the form of an open account between the two banks, leaving the balance (after some payments since the failure of the Pacific Bank) as found by the court; that plaintiff had no interest in it beyond expenses and commissions of collection and that he gave no consideration for the assignment," but "it was merely for the purpose of collection." On June 24, 1893, the board of directors of the Spokane bank held a meeting, at which the minutes of the board show the following proceedings: "Question of our claim against the Pa-

cific Bank of San Francisco was taken up. E. J. Dyer, cashier, was instructed to go to San Francisco and see what the condition of our claim is, and to take all necessary steps that he may deem best for this bank, both now and in the future." Objection was made to admitting this action of the board on the ground that it conferred no authority upon the cashier to delegate his authority to a third person to assign the claim. On April 7, 1896, cashier Dyer wrote W. H. Chickering, Esq., of San Francisco, as follows: "Your kind favor of 3d at hand. Acting under the opinion of the board of directors, I wired you to-day as per inclosed copy. I have also wired the Anglo to turn the matter over to you. . . . . Any action by you will be, quite satisfactory to us." The telegram was as follows: "Have instructed bank to turn Pacific papers over to you. Will you investigate them, and act as you deem best, without consulting us further?" This was introduced over defendant's objection that it "did not authorize Mr. Chickering to make said assignments." Mr. Chickering testified that he was Mr. Dyer's attorney in an estate matter here, but received no compensation for his services in this matter; he testified: "I cannot exactly say I had any authority to act for the Bank of Spokane. If I did it was in writing." Later in the trial he produced the above letter and telegram, which, together with the ratification of his acts, constitute his only authority. He testified: "The assignment was made for the purpose of bringing an action against the stockholders of the Pacific Bank on the claim for the benefit of the Exchange National Bank. I wrote to the bank that I did not think they were warranted in bringing an independent suit for this amount, and that it were better to sue with others and save expense." When he so wrote does not appear.

If we were to assume that Dyer was acting upon the authority given him in 1893, the question to be decided would not be different, and, as we view the matter, would be less favorable to plaintiff. In the latter case we would have an attempted substitution of Mr. Chickering by Mr. Dyer without the latter being "specially authorized" to make such substitution. (Civ. Code, sec. 2349, subd. 4.) We think it fairly appears that the cashier spoke for the bank, and had authority to do so. It is as though the bank had placed in Mr. Chickering's hands the matter of its

claim against defendant, with authority to act as he, Mr. Chickering, deemed best without further consulting the bank. He became a special agent of the bank (Civ. Code, sec. 2297), with general powers with respect to collecting the claim, the subject of his agency. As the agent of the bank, acting with authority from it and not by delegation, we think he undoubtedly could have brought the suit in the name of the bank, and perhaps, under the broad terms of the power, could have made a compromise settlement. He did neither of these things, but undertook to delegate his authority to plaintiff by assigning the claim to him. Section 2349 of the Civil Code, provides as follows: "An agent, unless specially forbidden by his principal to do so, can delegate his powers to another person in any of the following cases, and in no others: 1. When the act to be done is purely mechanical; . . . . 3. When it is the usage of the place to delegate such powers; or 4. When such delegation is specially authorized by the principal." It is not and cannot be contended that Mr. Chickering was specially authorized to delegate his authority; nor can we regard the act to be done by the plaintiff as "purely mechanical." The acts contemplated by the statute as purely mechanical are such as occur where the delegation carries with it no discretionary authority, which cannot be said to be true of the acts to be performed by a plaintiff in an action. The power to bring the suit implies the power to control it when brought, and this involves discretion. Furthermore, we cannot agree with respondent that the subsequent ratification was equivalent to a precedent authorization under section 2307 of the Civil Code. That is true as between the principal, the bank, and the agent Chickering, and the plaintiff the subagent, but it is not necessarily so as to the defendant. In *Wittenbrock v. Bellmer*, 57 Cal. 12, the president of a bank was authorized to accept payment of a note and mortgage, but instead he sold and assigned the note to Wittenbrock, who brought the suit. Sometime thereafter the bank ratified the sale and assignment. It was held that the bank could not thus take away from the defendant the defense he had at the commencement of the action, to wit, that plaintiff Wittenbrock was not legally invested with title and was not then the owner of the claim.

Respondent contends that the case here is clearly distinguishable from that case because there the president undertook to sell the claim, while here the authorized agent of the bank undertook only to assign for collection. We are unable to make this distinction available to plaintiff. Section 2349, as we have seen, gives to the agent authority to delegate the "power when it is the usage of the place to delegate such power." The facts do not bring the case within the rule in *Greig v. Riordan*, 99 Cal. 316. No usage was shown for agents to assign claims for collection, and we cannot assume that any such usage exists in San Francisco, where the suit was brought.

It is urged that because defendant was ultimately protected from a second action by the Spokane bank he cannot suffer injury by this judgment, as he clearly is at least once liable. But that was the situation in *Wittenbrock v. Bellmer, supra.* So, here, until the Spokane bank ratified the acts of Chickering, defendant was liable to the bank if Chickering had no authority to assign the claim to plaintiff.

Both parties rely upon *Malloye v. Coubrough*, 96 Cal. 649. In that case a foreign judgment, held by Abel Rey & Co. in London, was confided to an agent by letter of attorney with authority to bring any suits or proceedings and prosecute the same as he might think fit; to institute any proceedings in insolvency, or for the liquidation of the affairs and estate of the said Henry Coubrough, "and for all and any of the purposes aforesaid, to use our names, and generally to act in and about the premises as fully and effectually as we ourselves could do if personally present and acting therein." The power contained no general clause authorizing the attorney to do anything necessary or convenient in the collection of the judgment. The agent assigned the judgment to plaintiff for the purpose of suing thereon. The court said that the power "confines the authority to the institution and maintenance of suits, actions, and proceedings to that end. The general language at the conclusion is limited to the premises which defines what may be done. All these could have been done in the name of Abel Rey & Co. Therefore an assignee was not necessary in order to take any of the steps . . . . contemplated as possibly necessary or convenient. . . . . Had the letter of attorney authorized the agent to adopt any measure

he might deem expedient, or had it been necessary to substitute an assignee for the purpose of maintaining any action or proceeding which might be thought advisable, perhaps the construction contended for should prevail.   But, under the circumstances, I think the language cannot be so extended." Respondent claims that the facts here present just such authority as was in the mind of the court as described in the latter part of the opinion above quoted.   The difficulty we find in applying what is there said is, that the assignment conferred discretionary powers upon plaintiff, and was therefore in violation of section 2349 of the Civil Code, for the reasons already stated. So far as the record discloses, Mr. Chickering had no control of the case.   Plaintiff brought the action, and the attorneys appearing are his attorneys.   The general power given Mr. Chickering was based upon the special trust and confidence reposed in his personal ability and integrity, and the rule is, that such power, in the absence of authority, express or implied, cannot be redelegated by the agent so as to bind the principal.   (1 Eng. & Ency. of Law, 972; Story on Agency, sec. 14, *et seq.;* Mechem on Agency, secs. 405, 406.)   The books give exceptions to the rule, but those exceptions are now brought into and enumerated in section 2349, *supra,* and are the only exceptions.   But aside from any question of delegated authority by an agent, and assuming that Mr. Chickering had plenary power to collect the demand, we do not think he could transfer it to a third person and thus invest a stranger to the bank with the title and control. There are cases where some  present imperative necessity or where usage has justified the courts, in the particular cases, in implying a power to assign as incident to the power to collect. (Story on Agency, sec. 14, and notes.)   But the evidence presents no such case here.   The principle of the decision in *Malloye v. Coubrough, supra,* we think, should govern this case.

The judgment and order should be reversed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Van Dyke, J., Harrison, J., Garoutte, J.