[L. A. Nos. 3690, 3691. In Bank.—October 1, 1914.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent, v. CALIFORNIA DEVELOPMENT COMPANY (a Corporation), et al., Appellants; BOAZ DUNCAN, Intervener and Respondent.

ATTORNEYS—PRESUMPTION OF AUTHORITY TO REPRESENT CLIENT—EFFECT OF REBUTTAL.—The fact that an attorney appears on behalf of a party raises a presumption of authority upon his part to do so; but this presumption is disputable, and where it is clearly shown that the attorney was not authorized, the party whom he assumed to represent can found no rights upon the unauthorized act.

Id.—Appeal—Filing of Notice by Unauthorized Attorney—Subsequent Ratification by Client.—Where an attorney gives notice of an appeal from a judgment, without authority from his client, the subsequent ratification of his act by the client, after the expiration of the time limited by law for taking the appeal, is no defense to a dismissal of the appeal.

Id.—Ratification of Unauthorized Act—Whether may Act Retroactively to Prejudice Third Persons.—Ratification is ordinarily equivalent to precedent authorization, but no unauthorized act can be made valid, retroactively, to the prejudice of third persons, without their consent.

Id.—Alternative Method of Appeal—Effect of Absence of Undertaking.—The want of an undertaking will not justify a dismissal of an appeal if the steps taken to perfect it comply with all the requirements of the new or alternative method, even though the appellant may have attempted to follow the old method.

Id.—Notice of Appeal—Time for Filing—Effect of Permitting It to Pass.—But in order to escape the necessity of serving notice of appeal and giving an undertaking, the appellant must file his notice of appeal within the time limited by section 941b of the Code of Civil Procedure. If he allows that time to go by, but is still within the time allowed under the old method (section 939), he must serve his notice and give his undertaking, as he was required to do when that method was the only one in force.

Id.—Time for Service of Notice of Appeal—Six Months' Period—Notice of Entry of Judgment.—A notice of appeal, filed two days before the expiration of six months from the entry of the judgment, is not too late under section 941b of the Code of Civil Procedure, when no notice of entry of judgment has actually been served upon the attorneys of the appellant, notwithstanding the previous service by the appellant of his notice of appeal upon the attorneys for the respondent.

Id.—Notice of Entry of Judgment—How Must be Given or Served.—A party who serves a notice that he appeals from an entered judgment thereby gives convincing evidence that he has knowledge of the entry of the judgment, and knowledge for some purposes is synonymous with notice. However, section 941b of the Code of Civil Procedure does not provide that an appeal must be taken within sixty days after notice of the entry of the judgment or order, but that the sixty days for taking an appeal run from and after "notice of entry . . . has been served upon the attorneys of record"; and this implies that the notice contemplated is necessarily a notice in writing which may be served in the ordinary manner of serving a writing.

Id.—Notice by Intervener of Appeal and Entry of Judgment—Whether Effectual.—A written notice given by an intervener in an action, and addressed to the clerk of the court and to all the

parties, directing them to take notice of an appeal from certain parts of the judgment rendered on a named date and thereafter entered, and served upon the attorneys for the other appellants more than sixty days prior to the filing of their notice of appeal, is sufficient notice that judgment has been entered.

Id.—Intention in Giving Notice of Appeal—Materiality—Shortening Time of Appeal.—It is immaterial that such notice was not intended, primarily, for the purpose of shortening the time within which the party served might appeal. Section 941b of the Code of Civil Procedure gives him sixty days after he has been served with notice of the entry of the judgment, and the purpose of the enactment is that the full period of six months shall be allowed, unless knowledge of entry is brought home to the party by service of a notice in writing stating the fact of such entry. If he is served with such notice, this purpose is fulfilled.

Id.—Who May Rely on Notice.—The right to rely on such notice is not restricted to the party giving it.

Id.—Notice of Appeal—Time for Filing After Notice of Judgment.—When a party has once been served with notice of entry of judgment, he must, in order to avail himself of the new method, file his notice of appeal within sixty days after such service.

Id.—Undertaking on Appeal—Sufficiency in Case of Joint Appeal.—An undertaking on an appeal by four appellants jointly that the surety "does hereby undertake and promise on the part of the appellant" to pay all costs and damages, etc., is not sufficient under the old method of appeal. Four parties having appealed, the undertaking should be "on the part of the four," and each of them, not merely "on the part of the appellant." Such an undertaking can support only the appeal of a single appellant, and since there is no way of determining which one is meant, all, of the attempted appeals must fall.

Id.—Uncertainty of Undertaking—When Fatal.—If by such undertaking the surety promises to "pay all damages and costs which may be awarded against —— on the appeal," there is a fatal uncertainty.

APPEALS from a judgment of the Superior Court of Los Angeles County. Walter E. Bordwell, Judge.

The facts are stated in the opinion of the court.

Edwin E. Meserve, Shirley E. Meserve, Lewis R. Works, Works & Jordan, C. H. Jordan, and Eugene S. Ives, for Appellants.

McCutchen, Olney & Willard, Page, McCutchen, Knight & Olney, and O'Melveny, Stevens & Millikin, for Respondents.

SLOSS, J.—Motions to dismiss appeals. The action is one to foreclose the lien of a mortgage or deed of trust made by the California Development Company to the Title Insurance and Trust Company, as trustee, to secure the payment of bonds issued by the Development Company. There was a judgment directing the sale of certain properties, and the payment, out of the proceeds of sale, of receiver's certificates, of the amount found due from the California Development Company to the plaintiff, and of certain judgments against said defendant and in favor of New Liverpool Salt Company and Southern Pacific Company, the balance, if any, to be paid to the California Development Company. The judgment further provides that all shares of stock of defendant Mexican Company held or claimed by defendants Heffernan, Flores, Rockwood, Perry and others, are held in trust for California Development Company, and directs the indorsement and delivery to the commissioner named in the judgment of the certificates representing said shares upon payment of one dollar per share. The judgment was entered on January 9, 1913.

A notice of appeal from said judgment was filed in the name of California Development Company. Another appeal specifying certain parts of the judgment was taken, or attempted to be taken, by Heffernan, Flores, Rockwood, and Perry. The motions before us are directed to these appeals.

The notice of appeal on behalf of the California Development Company was signed by Lewis R. Works and Works & Jordan, as attorneys for said defendant. One of the grounds of the motion to dismiss is that neither Mr. Works nor the firm of Works & Jordan ever had any authority from the California Development Company to represent it in said action or to give notice of appeal in its behalf. The evidence offered by the plaintiff in support of its motion to dismiss shows that the attorneys in question, while undoubtedly acting in good faith, were in fact without the authority which they believed they had, and which they assumed to exercise. This is not questioned by the attorney now representing the California Development Company. He attempts to meet the motion by showing that in October, 1913, some nine months after the entry of the judgment, and more than three months after the expiration of the right to appeal therefrom, the board of directors of the California Development Company

adopted a resolution ratifying the act of Mr. Works and Messrs. Works & Jordan in filing the notice of appeal above referred to. The fact that an attorney appears on behalf of a party raises a presumption of "authority upon his part to do so." (*Garrison* v. *McGowan,* 48 Cal. 592.) But this presumption is disputable, and where it is clearly shown, as it is here, that the attorney was not authorized, the party whom he assumed to represent can found no rights upon the unauthorized act. The filing of the notice of appeal by the attorneys was not the act of the California Development Company, and that corporation, therefore, did not take an appeal within the time limited by law. The resolution of ratification cannot alter the situation. Ratification is ordinarily equivalent to precedent authorization, but "no unauthorized act can be made valid, retroactively, to the prejudice of third persons, without their consent." (Civ. Code, sec. 2313.) Thus, where a plaintiff sued, claiming under an assignment made by one who had no authority from the owner of the cause of action, it was held that a subsequent ratification did not relate back so as to defeat the defendant's attack upon plaintiff's right to institute the action. (*Wittenbrock* v. *Bellmer,* 57 Cal. 12; *Dingley* v. *McDonald,* 124 Cal. 682, [57 Pac. 574].) The present case is even stronger. With the lapse of six months from the entry of the judgment, the judgment became final as against all parties who had not appealed. No appeal had then been taken by California Development Company. The right of the successful parties to maintain the judgment against it could not be taken away by a subsequent ratification. To hold the contrary would amount to allowing this defendant to take an appeal nine months after the entry of judgment, whereas the statute clearly limits the right to six months. This court has no jurisdiction of an appeal taken too late, and the jurisdiction, once gone, cannot be revived by any act done after the expiration of the time limited. The purported appeal of the California Development Company cannot, therefore, stand.

The motions to dismiss the appeals of Heffernan, Flores, Rockwood, and Perry present different considerations. In these motions, originally made by the plaintiff, the defendant New Liverpool Salt Company and the intervener Boaz Duncan join. The dismissal of these appeals is based on the ground, among others, that no sufficient undertaking on ap-

peal was filed. Since an undertaking is not required under the "new and alternative method" of taking appeals (Code Civ. Proc., secs. 941a, 941b, and 941c; *Estate of McPhee,* 154 Cal. 385, [97 Pac. 878]; *Mitchell* v. *California S. S. Co.,* 154 Cal. 731, [99 Pac. 202]; *Union Coll. Co.* v. *Oliver,* 162 Cal. 755, [124 Pac. 435]), the want of an undertaking will not justify a dismissal if the steps taken to perfect the appeal complied with all the requirements of the new method. This is true, even though the appellant may have attempted to follow the old method. (*Theisen* v. *Matthai,* 165 Cal. 249, [131 Pac. 747].) But, in order to escape the necessity of serving notice of appeal and giving an undertaking, the appellant must file his notice of appeal within the time limited by section 941b. If he allows that time to go by, but is still within the time allowed under the old method (sec. 939), he must serve his notice and give his undertaking, as he was required to do when that method was the only one in force. (*Theisen* v. *Matthai,* 165 Cal. 249, [131 Pac. 747].) The questions to be decided are: 1. Whether the notice of appeal was filed after the time allowed by section 941b, and, 2. Whether the undertaking filed by appellants was insufficient. Section 941b provides that the notice of appeal must be filed "within sixty days after notice of entry of said judgment . . . has been served upon the attorneys of record appearing in said cause or proceeding"—and, in the absence of such notice of entry, within six months after the entry. The notice of appeal of Heffernan, Flores, Rockwood, and Perry was filed on July 7, 1913, or two days before the expiration of six months from the entry of the judgment. If notice of the entry had been served more than sixty days before July 7, 1913, the notice of appeal was filed too late to be effective under section 941b. The moving parties contend that the notice which started the running of the sixty day period was established in two ways. On April 5, 1913, the attorneys for Heffernan, Flores, Rockwood, and Perry served on the attorneys for the New Liverpool Salt Company, and on the attorneys for Boaz Duncan, intervener, a notice of appeal from the judgment. The notice was never, however, filed. We think this act cannot be treated as establishing the notice which, under section 941b, starts the sixty-day period running. Undoubtedly, a party who serves a notice that he appeals from an entered judgment gives thereby convincing evidence that he has

knowledge of the entry of such judgment. And knowledge, for some purposes, is synonymous with notice. But section 941b does not provide that an appeal must be taken within sixty days after notice of the entry of the judgment or order. If this were its language, any evidence that the party in fact knew of the entry would be sufficient. In section 953a, dealing with the preparation of a record on appeal, it is provided that the party desiring to appeal must file his request for a transcript "within ten days after notice of the entry of the judgment, order or decree." Under this provision, notice of the entry, on the part of an appellant, is sufficiently shown by his service of a notice of appeal. (*Estate of Keating,* 158 Cal. 109, [110 Pac. 109].) But the sixty days for taking an appeal, under section 941b, runs from and after "notice of entry . . . *has been served* upon the attorneys of record . . ." This implies, as is intimated in *Estate of Keating,* "that the notice contemplated is necessarily a notice in writing which may be served in the ordinary manner of serving a writing." Parol evidence that a party knows a fact, or his written statement from which such knowledge may be inferred, is not equivalent to service upon him of written notice of the fact. The construction of the statute thus suggested in the Keating case has been definitely adopted in a later decision. (*Huntington Park I. Co.* v. *Park L. Co.,* 165 Cal. 429, [132 Pac. 760].)

In addition, however, to what has just been set forth, the moving parties show that more than sixty days prior to the filing of notice of appeal by Heffernan, Flores, Rockwood, and Perry, there was served on the attorneys for said Heffernan and others a notice of appeal by Boaz Duncan, intervener, from parts of the judgment in the action. This paper was addressed to the clerk of the court and to all of the parties, and directed them to take notice that said Duncan appealed from a certain portion "of the judgment rendered in said action on the 4th day of January, 1912, and thereafter entered." Here was a written notice, duly served, advising the parties, through their attorneys of record, that judgment had been entered. The statute requires no more. It is immaterial that the notice was not intended, primarily, for the purpose of shortening the time within which the party served might appeal. The section (941b) gives him sixty days after he has been served with notice of the entry of the judgment.

The purpose of the enactment evidently is that the full period of six months shall be allowed, unless knowledge of entry is brought home to the party by service of a notice in writing stating the fact of such entry. If he is served with such notice, this purpose is fulfilled. He is bound by the law which limits his time of appeal to sixty days from notice of the fact of entry, and is not entitled to ask that the other party, in addition to giving him written information of the fact, shall also advise him of the consequences flowing from the notice, or shall embody the notice in a paper which has no other purpose than that of starting the sixty-day period.

It is suggested that only the party giving notice (i. e. Boaz Duncan) is entitled to rely upon it, and that the appeals should be dismissed, if they are to be dismissed, only as to him. We do not agree with this position. The statute declares that the time of appeal shall be sixty days after the party desiring to appeal has been served with notice of the entry. It proceeds upon the theory that sixty days is long enough, provided there be evidence, of a given kind, that the party knows of the fact which starts this time running. If the required notice has been served on him by any one, he knows that a judgment, from which he may appeal within sixty days, has been entered. If he desires to take advantage of the new method, he should then file his notice of appeal within the sixty days. He would be in precisely the same situation if every party served him with notice. To require such service, in cases where there are many parties, would introduce unnecessary complication to no purpose. If the different parties served notices at different times the party served would have as many varying periods of appeal as there were parties, and this, although he takes his appeal as against all adverse parties by simply filing a notice, without serving it on any one. There is nothing in the statute to indicate that such repeated services must be made. It is held, accordingly, that when a party has once been served with notice of entry of judgment, he must, in order to avail himself of the new method, file his notice of appeal within sixty days after such service.

The only question remaining is whether the appeals of Heffernan and others were properly taken under the old method. An essential part of an appeal under that method is the filing of a sufficient undertaking. The undertaking here filed, after

reciting the judgment, and the intended appeal therefrom of Heffernan, Flores, Rockwood, and Perry, goes on as follows: "Now, therefore, in consideration of the premises and of such appeal, the undersigned Pacific Coast Casualty Company, a corporation, . . . does hereby undertake and promise on the part of the appellant—that said appellant—will pay all damages and costs which may be awarded against . . . on the appeal, or on a dismissal thereof, not exceeding three hundred dollars, to which amount it acknowledges itself bound." This bond is not in compliance with the statute. The four parties having appealed jointly, the undertaking should have been "on the part" of the four, and each of them. It is, however, merely on the part of "the appellant," and promises that "said appellant" will pay all costs, etc. Such an undertaking can support only the appeal of a single appellant (*Zane* v. *De Onatavia*, 135 Cal. 440, [67 Pac. 685]), and as there is no way of determining which one is meant, all of the attempted appeals must fall. Furthermore, the surety promises to pay all damages that may be awarded against ———. Here, again, is a fatal uncertainty. The surety is entitled to stand on the letter of its bond and where it has not undertaken to do the thing required by the statute, the undertaking cannot be held sufficient.

The motions are granted, and the appeal of California Development Company, as well as the appeals of Heffernan, Flores, Rockwood, and Perry, dismissed.

Shaw, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.