[Civ. No. 8662. First Appellate District, Division Two.—September 23, 1932.]

GEORGE M. FRIPP et al., Respondents, v. LUCILE K. MOODY et al., Defendants; NELSON STORY HOGAN, Appellant.

Elon G. Galusha for Appellant.

Glen Behymer for Respondents.

STURTEVANT, J.—On July 2, 1930, the trial court made findings and on the same day it caused a judgment to be entered against certain defendants in the above-entitled action. ▮ On August 20, 1930, the defendant Hogan made a motion to set aside his default and vacate the decree. His motion was denied on August 28, 1930, and thereafter on August 30, 1930, he appealed from the judgment and the order. On September 19, 1930, the defendant gave notice that he had appealed and asked for a transcript. (Code Civ. Proc., sec. 953a.) The transcript was certified by the county clerk on October 10, 1930, but when presented to the trial judge, acting on the objection of the plaintiffs, he refused to certify the transcript. The refusal was under the facts clearly correct. (*Title Ins. etc. Co.* v. *California etc. Co.*, 168 Cal. 397 [143 Pac. 723].)

▮ In his brief the defendant bases all of his points on his objections to the ruling made refusing to set aside his default. But, by reason of the plaintiffs' objections to the record which is before us, those points may not be considered by this court.

▮ However if we were at liberty to act on the record before us it would be necessary to enter the same judgment. In making his motion to vacate his default the defendant attempted to proceed under section 473 of the

Code of Civil Procedure. To excuse his neglect to appear and file his answer in due time he alleged that he was incarcerated in the county jail when the summons was served on him. The mere fact that he was so incarcerated without the statement of additional facts showing that he was deprived of means to communicate with his attorney did not constitute an excuse for the defendant's failure to appear and plead after being served with the summons.

The judgment and the order are affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 22, 1932.