[Civ. No. 7231.   Third Dist.   Apr. 2, 1946.]

KADOTA FIG ASSOCIATION OF PRODUCERS (a Growers Cooperative Association), Appellant, v. CASESWAYNE COMPANY (a Partnership) et al., Respondents.

C. Ray Robinson, Samuel V. Cornell and Margaret A. Flynn for Appellant.

Johnson, Harmon & Stirrat and Adams & Griswold for Respondents.

THOMPSON, J.—This is a suit to recover a money judgment against the defendants. The complaint is couched in three counts. Plaintiff levied an attachment upon personal property belonging to defendants. A demurrer to the complaint was sustained without leave to amend, on the ground

that plaintiff lacked legal capacity to sue. The action was dismissed and the attachment was released. From the order dismissing the action and discharging the attachment the plaintiff appealed.

Pursuant to section 946 of the Code of Civil Procedure, the plaintiff filed a surety stay bond in double the amount for which the suit was brought. The bond was executed by Glens Falls Indemnity Company, by J. J. Fleutsch, its duly authorized agent and attorney. The validity of the bond was subsequently ratified by the surety company. Upon defendants' motion to quash the bond the court held that the bond was void because it was not personally signed by the authorized agent and that the purported ratification thereof was ineffectual since it had the effect "to extend the time of filing said undertaking which, by statute, is limited to five days." The attachment was thereupon released and the sheriff was directed to deliver the money and personal property to defendants. From the last mentioned order the plaintiffs perfected a separate appeal.

The first appeal, from the order sustaining the demurrer without leave to amend, for lack of capacity to sue, and from the judgment dismissing the action, is determined by the decision of this court which was this day filed in *Kadota Fig Association* v. *Case-Swayne Co.*, reported in *ante*, p. 796 [167 P.2d 518], which was a similar suit between the same parties. A detailed statement of that issue is contained in the opinion last mentioned. We there held, upon similar pleadings, that the court abused its discretion in dismissing the action without leave to amend. The judgment was reversed with directions to permit the plaintiff to amend its complaint, if desired, to allege facts showing its capacity to sue and its compliance with the provisions of sections 2466 and 2468 of the Civil Code if necessary. Upon authority of that decision the order and judgment are reversed and the court is directed to grant plaintiff a reasonable time within which to amend its complaint to show legal capacity to sue and compliance with the said sections of the Civil Code in accordance with the opinion in the last mentioned case.

■ We will now consider the second appeal in this case. The questions to be determined upon that appeal are whether the trial court erred in holding that the surety stay bond, which was filed under section 946 of the Code of Civil Procedure, was void for failure of the surety company to prop-

erly execute it since it was not personally signed by the duly authorized agent of the company, and whether the subsequent approval and ratification of the bond by the surety company was ineffectual because it was not ratified within five days after the undertaking was filed.

We are of the opinion the court erred in sustaining defendants' motion to quash the bond on the grounds that it was void for lack of due execution and that it was not thereafter ratified in due time.

The record fails to show when, if at all, the defendants gave plaintiff written notice of the entry of the order. The order quashing the bond was rendered August 8, 1945. Notice of appeal from that order was dated the following day. The surety bond was actually previously filed August 3, 1945. The surety company filed its duly acknowledged ratification of the bond, signed by ''Arthur M. Colomb, Attorney,'' on August 6, 1945. The power of attorney, executed by Glens Falls Indemnity Company, authorizing J. J. Fluetsch to execute and issue surety bonds in behalf of the company was received in evidence. It is conceded Mr. Fluetsch had authority to issue the bond in question. It is admitted that the agent did not personally sign his name to the bond. The evidence is, however, undisputed that Mr. Fluetsch personally passed upon and approved the terms and conditions of that bond before it was executed and filed. He resided in Merced. He inadvertently prepared and signed two similar bonds for the same purpose aggregating the same amount and upon the same terms two days prior to its actual signing and filing. A similar bond, for the same purpose and amount and upon the same terms, was subsequently prepared in his office the day before it was signed and filed. He immediately left Merced and went to Los Banos without personally signing the new bond. The following day, being the last day for filing the bond, he called Judge H. S. Shaffer, judge of the superior court, in Merced, by telephone, and directed him to sign his, Fluetsch's, name to the surety bond, as attorney in fact for the surety company. After that conversation, Judge Shaffer signed the name of J. J. Fluetsch, as attorney and agent for the company. The judge then endorsed the bond as ''approved'' on July 20, 1945, and immediately filed it in the case. Mr. Fluetsch testified in that regard:

''I issued two bonds on a company printed form and in this case and affixed my signature to them, and I later found that

the bonds were not the proper form. So a new form was substituted after this was found, and I was not in town, I was in Los Banos on that day, and it became necessary that the new bonds be issued on that particular day, the new bonds being issued to replace the two that we had issued previously, on the wrong form. So I instructed Judge Shaffer, H. S. Shaffer, to sign my name to the bonds that had been then prepared to be filed in this case. . . . I phoned my office . . . and we had a discussion about this matter . . . with Judge Shaffer; and I left instructions with him to sign my name to the bonds on the proper form but . . . in the same amount we had.''

The record clearly indicates, without conflict, that no authority or discretion was attempted to be delegated by the agent, J. J. Fluetsch, to Judge Shaffer, to determine whether the bond should be executed or to pass upon the terms and conditions thereof. That was previously done by the agent himself. Judge Shaffer merely acted as the amanuensis for the duly authorized agent of the company, and signed his name at the agent's request. ■ A signature to an instrument may be attached by (1) the hand of a party thereto, (2) by the hand of another, at the request of a party, or (3) by means of the mark of a party when he is unable to write his name. (*Pitney* v. *Pitney*, 55 Cal.App. 22, 29 [202 P. 940].) ■ It may be written, printed, stamped, typewritten, engraved or photographed. (58 C.J. 729, § 17.) ■ A party may also adopt his signature written by another person, as valid and binding, by subsequent approval or ratification, even though the signature was originally forged. (58 C.J. 728, § 16.) In 17 Corpus Juris Secundum, section 62c, page 413, it is said that ''One may be bound by an agreement to which his signature is affixed by procuration, adoption, or ratification, as well as though it had been written by his own hand.'' ■ While, in the absence of specific authority so to do, an agent may not delegate power to another to pass upon the terms of a contract or to bind the principal by its unauthorized execution, the agent may nevertheless delegate to another the power to perform purely mechanical acts with relation thereto. (Civ. Code, § 2349; 2 C.J.S. 1360, § 136.) That section of the code provides in part:

''An agent, unless specially forbidden by his principal to

do so, can delegate his powers to another person in any of the following cases, and in no others:

"(1) When the act to be done is purely mechanical;

. . . . . . . . ."

■ We do not hesitate to say that, under the circumstances of this case, the mere signing of the duly authorized agent's name to the surety bond, by Judge Shaffer, was purely mechanical. The appointment and authorization of the agent by the surety company does not prohibit that mechanical act. In the Pitney case, *supra*, wherein the validity of the grantor's signature to a deed to real property was challenged because, it was asserted, the manner of signing her name by mark did not conform to the statutory requirement, the court said:

"When the time to sign arrived the plaintiff directed Mr. Witherspoon to sign her name, which act was done by him in her presence, and in the presence of Mr. Dillard and of Mrs. Foutch. Such act, without regard to any mark, constituted and was in law the signature of the plaintiff."

Quoting with approval from the case of *Jansen* v. *McCahill*, 22 Cal. 563, 565 [83 Am.Dec. 84], the court further stated in the last cited case that:

"The name of the wife being written by her daughter in her presence and at her request, made it as much her signature as though it had been written by herself."

To the same effect are the cases of *Julian* v. *Schwartz*, 16 Cal.App.2d 310, 328 [60 P.2d 887]; *Tumansky* v. *Woodruff*, 14 Cal.App.2d 279, 283 [57 P.2d 1372]; *Altermatt* v. *Rocky Mountain Fire Ins. Co.*, 85 Mont. 419 [279 P. 243], and *Sayre* v. *Nichols*, 7 Cal. 535 [68 Am.Dec. 280]. In the case last cited the court uses the following pertinent language:

" 'An agent cannot delegate any portion of his power requiring the exercise of *discretion* or *judgment*; otherwise, however, as to powers or duties merely *mechanical* in their nature. Hence, if empowered to bind his principal by an accommodation acceptance, he may direct another to write it, having first determined the propriety of the act himself; and it will bind the principal, though naming the delegate and not the agent, as the one exercising the power.' "

■ The foregoing language applies to the present case, in which there was no attempt to delegate authority to the amanuensis to exercise discretion with respect to the provisions of the bond, but merely to authorize him to sign the

agent's name to the document. It is not necessary that such authorization, merely to sign the name of an agent to a surety bond, shall be in writing. A multitude of authorities hold that an oral request to perform the mere mechanical act of signing another person's name to an instrument is valid and binding, even though the instrument is required to be in writing. Section 2309 of the Civil Code provides that:

"An oral authorization is sufficient for any purpose, except that an authority *to enter into a contract* required by law to be in writing can only be given by an instrument in writing." (Italics added.)

The present case does not involve an authorization "to enter into a contract." Judge Shaffer was given no authority to enter into the contract of the surety bond. He was merely directed to sign the name of the duly authorized agent of the contracting surety company.

It is true that the cases, some of which involved the sufficiency of signatures by mark, do state that the instruments were signed, at the request of the parties thereto "in the presence" of the makers thereof. But we are cited to no case, and know of no authority which requires that the signature of the party shall be actually made in his presence. We are of the opinion the signature is valid and binding when the authorization to sign the instrument is conveyed directly to the amanuensis by telephone, as it was in this case. There is no question in this case that Judge Shaffer was personally authorized and requested by J. J. Fluetsch, the duly authorized agent of the surety company, to sign his name to the identical bond which he promptly signed as directed.

Moreover, the surety company served and filed, on August 6, 1945, its duly executed and acknowledged written ratification of the bond, by the terms of which it specifically acknowledged liability, regardless of the alleged invalidity of the signature of its agent. That ratification, under the circumstances of this case, related back to the date upon which the bond was originally entered into, and upon which date it purports to have been executed. It is effective from that time. (*Union Oil Co.* v. *Pacific Surety Co.,* 182 Cal. 69, 75 [187 P. 14] ; 19 C.J.S. 505, § 1023.) In the case last cited it is said in that regard:

"The act of the directors of the Transportation Company in ratifying the contract executed on its behalf made it the contract of the company from its inception."

822

■ The respondents contend and the trial court determined that the stay bond was not ratified because "it would operate to extend the time of filing said undertaking which, by statute, is limited to five days." Section 946 of the Code of Civil Procedure does not so limit the time. The hearing of the motion to quash the bond occurred on August 6, 1945. It was not determined until August 8th. The ratification was filed August 6th, before the hearing was had or determined. Section 946 of the Code of Civil Procedure, under which the stay bond was filed, does not specify the time within which it shall be filed. The stay bond was merely filed to preserve the *status quo* with relation to the custody of the attached property pending the appeal from the judgment dismissing the action. ■ The question of the validity of that bond did not affect the appeal. ■ Since the amendment of section 940 of the Code of Civil Procedure in 1921, dispensing with the necessity of filing an undertaking on appeal, all that is now required to perfect the appeal is to file with the clerk the notice thereof. (Rule 1(a), Rules on Appeal; *In re Shafter-Wasco Irr. Dist.*, 55 Cal.App.2d 484, 487 [130 P.2d 755]; *Mamer* v. *Superior Court*, 15 Cal.2d 569 [103 P.2d 961]; 30 Cal.L.Rev. 436.) We conclude that the court erred in holding that the stay bond was not ratified on account of the reason assigned, or otherwise.

The cases cited by the respondents in support of their contention that the ratification of the bond was ineffectual because it was made too late, are not in point. *Wittenbrock* v. *Bellmer*, 57 Cal. 12, was a suit for foreclosure of a mortgage based upon an alleged assigned promissory note. The note was held by Germania Building and Loan Association. The president of the association, without authority, attempted to assign the chose in action to plaintiff. The trustees had only authorized the president to "accept payment of the note." At the commencement of the action the plaintiff had no title to the note and no authority to maintain a suit for its collection. Several months after the commencement of the action, the trustees attempted to ratify the former purported assignment of the president. The court said:

"If a party has no cause of action at the time of the institution of his action, he cannot maintain it. . . .

"It is only when the plaintiff is, at the time of the commencement of his action, entitled to some relief, that he can avail himself of facts which afterwards occur."

The order granting the defendant a new trial was therefore affirmed. That principle has no application to the ratifying of a stay bond during the pendency of the action.

The case of *Dingley* v. *McDonald*, 124 Cal. 682 [57 P. 574], upon which the respondents also rely, presented exactly the same question, under similar facts, upon which the preceding case was determined. The Dingley case cited and relied upon the Wittenbrock case. That principle was again upheld. But it has no application to the circumstances of this case.

The case of *Title Insurance & Trust Co.* v. *California Development Co.*, 168 Cal. 397 [143 P. 723], upon which the respondents rely, merely involved the validity of a notice of appeal. It was held that since the attorney who signed and filed the notice of appeal had no authority from the defendant to appeal from the judgment which was rendered against it, the attempted appeal was ineffectual and void. (See *Jackson* v. *Jackson*, 71 Cal.App.2d 837 [163 P.2d 780].) The defendant could not validate its right of appeal, which had been waived by failure to comply with the statute within the time prescribed, by subsequently attempting to ratify the act of a disqualified attorney. The right of appeal is statutory. The statute must be complied with to perfect an appeal. No statutory requirement with respect to the filing of the stay bond in the present case was violated. No question of jurisdiction, in that regard, is involved in this case. The Title Insurance & Trust Company case is not in point.

■■■ On appeal in this case, for the first time, the respondents contend that the record fails to disclose the authority of Arthur M. Colomb to execute the written ratification of the stay bond of the Glens Falls Indemnity Company, as its attorney in fact. That ratification was duly acknowledged under seal by a notary public, who certified that it was the act of "Arthur M. Colomb known to me to be the Attorney of the Glens Falls Indemnity Company." It purports to have been duly authorized by the surety company. The authority of the attorney in fact was not questioned at the trial. It is too late to raise that question for the first time on appeal. There is no merit in that contention.

The judgment dismissing the action is reversed, and the court is directed to grant plaintiff reasonable time within which to amend its complaint as previously stated, if it so desires.

The order quashing the surety stay bond, releasing the attachment and directing the sheriff to surrender to the respondents the money and property attached is reversed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 2, 1946, and respondents' petition for a hearing by the Supreme Court was denied May 27, 1946.