167 P.2d 529]

[Civ. No. 7232. Third Dist. Apr. 2, 1946.]

KADOTA FIG ASSOCIATION OF PRODUCERS (a Growers Cooperative Association), Appellant, v. CASE-SWAYNE COMPANY (a Partnership) et al., Respondents.

C. Ray Robinson, Samuel V. Cornell and Margaret A. Flynn for Appellant.

Johnson, Harmon & Stirrat and Adams & Griswold for Respondents.

THOMPSON, J.—The plaintiff has perfected two appeals in this case. The first appeal is from a judgment dismissing the action, pursuant to an order sustaining a demurrer to the complaint for asserted lack of capacity to sue, without granting leave to amend the pleading. The second appeal is from an order quashing a surety stay bond given to preserve the *status quo*, with relation to money seized under attachment, pending the appeal. The stay bond was held to be void for the reason that it was not personally signed by the agent of the surety company. The agent's name was signed at his request by an amanuensis. The court also held that an attempted ratification of the bond was also void because it was not filed within time.

The validity of the first appeal is determined adversely to the respondents in this case by a decision of this court this day filed (*Kadota Fig Association* v. *Case-Swayne Co., ante,* p. 793 [167 P.2d 518]), in which it was held that the court erred in dismissing the action without granting plaintiff leave to amend its pleading. Upon the authority of that decision,

(977)

the judgment in this case dismissing the action without leave to amend is reversed, and the court is directed to grant plaintiff reasonable time within which to amend its complaint, if it so desires.

The second appeal in this case is determined adversely to the respondents upon the issue of the validity of the stay bond by another decision of this court this day filed (*Kadota Fig Association v. Case-Swayne Co.*, ante, p. 815 [167 P.2d 523]), in which it was determined that a similar surety stay bond signed by an amanuensis at the request of the agent for the surety company is valid and binding, and that it was subsequently duly ratified. On the authority of the last mentioned case, the second appeal in this action is reversed.

Adams, P. J., and Peek, J., concurred.

* A petition for a rehearing was denied May 2, 1946, and respondents' petition for a hearing by the Supreme Court was denied May 27, 1946.