[Civ. No. 17472. Second Dist., Div. Three. July 7, 1950.]

Estate of AUGUSTA MUESELER, Deceased. EVA TRESSA MUESELER, as Executrix, etc., Appellant, v. GEORGE C. SMITH et al., Respondents.

Hon & Jarrett, William Ellis Lady and H. C. Millsap for Appellant.

Arthur W. Kennedy and A. T. Folsom for Respondents.

SHINN, P. J.—Robert L. Mueseler and George C. Smith, as executors of the will of Augusta Mueseler, deceased, have moved the court to dismiss an appeal purportedly taken by Arthur P. Mueseler from an order entered June 8, 1949, construing the will of said decedent, determining certain other issues, and ordering partial distribution. The motion was made upon the ground that on June 13, 1949, Arthur P. Mueseler signed a writing directed to his attorneys, William Ellis Lady and H. C. Millsap, discharging them as attorneys and waiving his right to appeal from the order; that said attorneys were served with copies of said writing and thereafter, purporting to act for Arthur P. Mueseler, filed a notice of appeal from parts of said order; and that no other notice of appeal was filed. Arthur P. Mueseler died July 28, 1949, leaving a will. Eva Tressa Mueseler as executrix of his estate resists the motion. An order was made appointing a referee to take evidence with respect to the validity and effect of the writing designated "Dismissal of Attorneys and Waiver of Rights of Appeal," executed by Mr. Mueseler, to make findings and conclusions upon the issue referred, and to return the same with the evidence taken to this court. The referee has filed his report. The findings are that said writing was executed by Arthur P. Mueseler voluntarily, that he was of sound mind and understood the nature and purport of said instrument, that the same was duly served on William Ellis Lady on July 13, 1949, by leaving a copy thereof with his secretary at his office, and on said day was filed; that on July 19, 1949, William Ellis Lady signed and filed a notice of appeal from a portion of the order entered June 8, 1949; that Arthur P. Mueseler died on or about the 28th day of July, 1949, without having any contact or communication with said William Ellis Lady or H. C. Millsap after they were dismissed. The conclusion of the referee was that the attorneys were discharged and their authority terminated on July 13, 1949.

Eva Tressa Mueseler has filed exceptions to the findings and conclusions of the referee, specifying insufficiency of the evidence to support the finding that the writing in question was voluntarily executed by Arthur P. Mueseler, and asserting that the evidence shows the writing to have been procured by

fraudulent representations and concealment. It is contended that the evidence discloses that George C. Smith, one of the executors of the estate, represented to Lawrence Williams, an intimate friend of Arthur P. Mueseler, that the discharge of the attorneys and waiver of right of appeal would be necessary to enable the executors to make payment of funds to Arthur P. Mueseler from the estate of Augusta Mueseler; that immediately upon the execution of said instrument a sum of money would be paid and unless said instrument was executed said Mueseler would lose all right to receive money from the estate, and that the said Lawrence Williams would likewise fail to receive reimbursement for sums he had advanced to Arthur P. Mueseler, secured by assignments of the latter's interest in the estate; that said representations were fraudulently made, were repeated to said Arthur P. Mueseler by Williams; that said executor concealed from said Lawrence Williams and Arthur P. Mueseler the fact that the executors then had in their possession the sum of $5388.37 which was then payable to said Arthur P. Mueseler, according to the terms of the order of June 8, 1949; that the executor concealed from Arthur P. Mueseler the fact that if the appeal should be dismissed he, Arthur P. Muesseler, would lose the right to receive approximately $80,000, and would receive only the income from one-third of that amount; and that Arthur P. Mueseler was deceived by said representations and concealment and acting thereunder executed the instrument in question. Mr. Williams testified before the referee that he had advanced substantial sums of money to Mr. and Mrs. Mueseler and had told them he was unable to advance any more; that Mr. Smith urged him, Williams, to induce Mueseler to discharge his attorneys and waive his right to appeal; that Smith dictated to him the form of an instrument to be signed, told him that if an appeal was taken the executors would contend that Mueseler had, by opposing the will, forfeited his interest in the estate, although it had been held by the court that up to that time his actions had not been such as to bring into operation a disinheriting clause of the will; Smith represented that it would take two years for the appeal to be disposed of, and that Smith did not advise him that there was any money on hand payable to Mr. Mueseler. He testified that he repeated Smith's representations to Mueseler, and told him that it looked to him as if he, Mueseler, was liable to be cut off with $1.00; that he advised Mueseler that he, Williams, could not carry them any longer and he thought the proper thing for

Mueseler was to sign a dismissal; that Mueseler replied that it appeared to be the only thing he could do, and thereupon signed the dismissal, saying that his money was all tied up in the estate and he was unable to get any money from it. Mrs. Mueseler corroborated the testimony of Williams as to statements made to Mr. Mueseler, adding that she and Mr. Mueseler had no money except sums advanced by Williams and that Mr. Mueseler said to Williams that he would sign the paper if it meant he would get some money.

The interests of Robert L. Mueseler, one of the executors, and a beneficiary under the will, were opposed to those of Arthur P. Mueseler. The interpretation of the will under the order of June 8, 1949, was favorable to Robert L. Mueseler and it would have been to his advantage to have the appeal dismissed. However, there was no evidence that he was active in the matter, or even had knowledge of the statements made to Mr. Williams, by the coexecutor, George C. Smith. The latter testified as a witness before the referee and his testimony generally confirmed that of Mr. Williams with respect to their conversations. He denied, however, that he directly or impliedly represented that no money would be available for distribution to Mr. Mueseler unless the appeal were dismissed. It is clear from the testimony of both Mr. Williams and Mr. Smith that for more than four years the estate had been in litigation instituted by Mr. Mueseler; that an issue had been raised as to whether the activities of Mr. Mueseler were such as to bring into operation a disinheriting clause of the will and that, although this issue had been determined in Mr. Mueseler's favor by the order of June 8th, the executors or other interested parties would probably appeal from that portion of the order, and from other portions favorable to Arthur P. Mueseler, if he prosecuted an appeal from all or any part of the order. In this connection Mr. Smith and Mr. Williams discussed the possibility of a decision on appeal adverse to Mr. Mueseler with respect to the disinheriting clause, under which Mr. Mueseler would be cut off with $1.00 and Mr. Williams would lose the sums he had advanced to Mr. and Mrs. Mueseler.

The referee found there was no misrepresentation or concealment of fact in the statements made by Mr. Smith to Mr. Williams or in the statements made by Mr. Williams to Mr. Mueseler. These findings meet with our approval and are adopted as our own. It is true that when the order of June 8th should become final Mr. Mueseler would have been entitled

to immediately receive the sum of $5,388.37 but his right to receive a substantial sum of money was shown on the face of the order and was known to him and his attorneys. They made no inquiry of the executors as to the exact amount that would be payable and no fact concerning the same was concealed by the executors. There was, in our opinion, no substantial evidence that Mr. Smith was guilty of fraud, or the use of undue influence, or that he acted in bad faith. Mr. Mueseler was an old man and in a precarious state of health. It was not at all unreasonable that he should have wished to put an end to the litigation, even at some cost. Mr. Williams was desirous of being repaid his advances and was active in procuring a dismissal of the attorneys. Even if he acted under a misapprehension of the facts his good faith is not open to question.

The written dismissal of the attorneys ended their authority (see 3 Cal.Jur. 628, 635). Mrs. Mueseler, as executrix, could not ratify the acts of the attorneys. They were not effective to lodge an appeal and could not be made so by attempted ratification. Moreover, the time for appeal had expired before the executrix was appointed. (*Title Ins. etc. Co.* v. *California etc. Co.*, 168 Cal. 397 [143 P. 723] ; *Sullivan* v. *Dunne*, 198 Cal. 183 [244 P. 343].)

The appeal is dismissed.

Wood, J., and Vallée, J., concurred.