[Civ. No. 28475. Fourth Dist., Div. One. Jan. 12, 1983.]

RICHARD M. DOMINGUEZ et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
PACIFIC COAST BANK, Real Party in Interest.

## COUNSEL

George Deukmejian and John K. Van de Kamp, Attorneys General, Randall P. Borcherding and Neal J. Gobar, Deputy Attorneys General, Schall, Boudreau & Gore, Gibson E. Pratt, James A. Macy and Joyce J. Burrows for Petitioners.

No appearance for Respondent.

Rogers & Wells, Mitchell L. Lathrop, Robert E. Noel, Topel & Goodman, Marcus S. Topel, William M. Goodman, Steven M. Kipperman and Marianne D. Bachers for Real Party in Interest.

## OPINION

**BROWN (Gerald), P. J.**—Petitioner, Richard M. Dominguez, is the Superintendent of Banks for the State of California. Having come to the conclusion that the contributed capital of real party, Pacific Coast Bank (Bank), was impaired and that Bank was conducting business in an unsafe and unauthorized manner, petitioners took possession of Bank's property and business on April

29, 1982, and ordered it liquidated. On the next day, April 30, 1982, petitioners got a court order authorizing the sale of Bank to Commonwealth Bank of Hawthorne and the Federal Deposit Insurance Corporation (FDIC).

Under Financial Code section 3101[1] the takeover of a bank may be challenged if the bank, within 10 days of the taking, files an application in superior court. Here suit was filed on May 10, 1982, by Stephen Forde, a major shareholder and the sole member of Bank's board of directors. Petitioners filed a motion for summary judgment on the basis the action filed had not been duly authorized by real party's board of directors. The motion was denied. Bank concedes the action was not properly authorized but suggests the deficiency was cured two weeks later when Forde added members to the board who ratified his action.

There is no dispute about the facts. Bank's bylaws authorize a seven-member board of directors and provide a quorum should be no less than one-third of the number of authorized directors. On April 29, the date the Bank was taken over, there were four directors: Messrs. Laubscher, Phillips, Rees and Smith. On May 6, 1982, Mr. Smith resigned. At a Bank meeting on May 7, 1982, the remaining three directors appointed Forde to the board and then resigned, leaving Forde as the lone director. It was not until May 25, 1982, that Forde appointed Edward Hopper and Carol Unruh to the board. The new board then ratified Forde's earlier action. As real party concedes, the filing of the suit here was unauthorized (Corp. Code, §§ 300, 307, subd. (a)(8); *Hotaling* v. *Hotaling* (1922) 193 Cal. 368, 376 [203 P. 745]). Was the later ratification effective?

■ Real party argues unless he is permitted to have this belated hearing under Financial Code section 3101 he will be deprived of property without due process of law in violation of the United States and California Constitutions. He recognizes Financial Code section 3101 accords him a meaningful opportunity to be heard and suggests we liberally interpret the law to permit his suit because there is no showing of bad faith and Bank's shareholders will be prejudiced if they are not permitted to challenge the takeover by petitioners. However, when petitioner took over the Bank it had a board of directors sufficiently large to allow for a quorum. In the limited record provided to this court, we find the old directors knew of Financial Code section 3101 and the time limitations on filing. Apparently they decided not to bring suit. When Forde

---

[1] In full, Financial Code section 3101 reads: "Whenever the superintendent has taken possession of the property and business of any bank, such bank, within 10 days after such taking, if it deems itself aggrieved thereby, may apply to the superior court in the county in which the head office of such bank is located to enjoin further proceedings. The court, after citing the superintendent to show cause why further proceedings should not be enjoined and after a hearing and a determination of the facts upon the merits may dismiss such application or enjoin the superintendent from further proceedings and direct him to surrender the property and business to such bank."

assumed the position of director and the others resigned, Forde knew he had from May 7 until May 10 to appoint the necessary members to the board thereby enabling it to act and to file suit. We do not speculate why he did the latter but failed to do the former. But, the fact there was no evidence of bad faith does not justify or excuse the delay. Neither does the alleged prejudice to the shareholders justify or excuse the delay since the suit could have been authorized and timely filed, so that whatever prejudice there may be is occasioned by Forde's delay.

Real party argues the ratification by the newly appointed board two weeks later was fully effective. Even a forgery may be ratified, real party tells us (*Rakestraw* v. *Rodrigues* (1972) 8 Cal.3d 67 [104 Cal.Rptr. 57, 500 P.2d 1401]). However, here real party is attempting to authorize the filing of the suit after the 10-day statute of limitations has run. Had a dismissal been sought in the two weeks following May 10 before the additional directors were appointed, it would properly have been granted. The petitioners' right to a dismissal cannot be taken away by a later ratification. (See *Title Ins. etc. Co.* v. *California etc. Co.* (1914) 168 Cal. 397 [143 P. 723]; Civ. Code, § 2313.) In addition, if the ratification were effective it would in essence permit real party to file his suit some two weeks after the ten-day statute of limitations had run. To permit late filings such as this would undermine the purpose of Financial Code section 3101 which seeks to provide an expeditious procedure to challenge the governmental takeover of allegedly unsafe banks.

Real party says petitioner cannot assert the fact the filing of the suit was unauthorized as a defense because Corporations Code section 208, subdivision (a) restricts third parties from questioning the way directors have exercised their powers. However, a full reading of the statute[2] shows the state is excepted where it is seeking to enjoin the continuation of unauthorized business or the corporation is being dissolved. In essence, that is what is occurring here since real party is attempting to challenge state's decision to liquidate it.

Let a peremptory writ of mandate issue (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359, 361 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]) directing the Superior Court of San Diego County to vacate

---

[2]Corporations Code section 208, subdivision (a) reads: "No limitation upon the business, purposes or powers of the corporation or upon the powers of the shareholders, officers or directors, or the manner of exercise of such powers, contained in or implied by the articles or by Chapters 18, 19 and 20 or by any shareholders' agreement shall be asserted as between the corporation or any shareholder and any third person, except in a proceeding (1) by a shareholder or the state to enjoin the doing or continuation of unauthorized business by the corporation or its officers, or both, in cases where third parties have not acquired rights thereby, or (2) to dissolve the corporation or (3) by the corporation or by a shareholder suing in a representative suit against the officers or directors of the corporation for violation of their authority." (Fns. omitted.)

its order denying the motion for summary judgment and to enter a new and different order granting same. Petitioners to have costs from real party in interest.

Cologne, J., and Staniforth, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied March 16, 1983.