105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ORIX USA CORPORATION, Plaintiff-counter-defendant-Appellee,
v.
DIFFEE FORD LINCOLN MERCURY, INC.; Diffee Motor Company,
Inc., Defendants-counter-claimants-Appellants.
 No. 95-56025.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1996.
Decided Dec. 31, 1996.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A named party to a contract may "adopt his signature written by another person, as valid and binding, by subsequent approval or ratification, even though the signature was originally forged." Kadota Fig Assn. v. Case-Swayne Co., 73 Cal.App.2d 815, 819 (Cal.Ct.App.1946). Victor Diffee ratified appellants' lease agreement with Orix by sending a letter advising Orix that appellants would not pay the balance due. This letter conceded that Orix was "the Holder in Due Course of the lease contract which we signed," and was sent to Orix in recognition of appellants' "obligation to banks and financial institutions that we sell leases and contracts to."
 
 
 3
 These admissions make it clear that Diffee knew appellants had signed a binding contract with Orix. Because appellants breached the lease by failing to make payments after November 5, 1993, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3