[Sac. No. 282.  Department Two.—September 23, 1897.]

GUY SHIRLEY, Administrator of the Estate of Paul Shirley, Deceased, Appellant, v. CITY OF BENICIA et al., Respondents.

MUNICIPAL CORPORATIONS—WATER LOTS—WATERFRONT LINE—WHARVES.— When the state establishes the permanent waterfront or harbor line for one of its municipalities, and authorizes the sale of land lying between such line and the uplands, it is a legislative declaration that these lands may pass into private ownership without interference with the public rights of navigation and fishery. They may then be reclaimed from the waters by their owners and devoted to any of the uses to which uplands are put, or, if suitably located, and there be no restriction in the grant, they may, under legal sanction, be covered with wharves, docks, and like structures.

ID.—RIGHTS OF ABUTTING OWNERS.—It is the owners of land abutting upon the waterfront line who, under legal sanction, may build into the deeper public waters beyond. The owners of inner water lots have not such right.

ID.—BENICIA—ERECTION OF PUBLIC WHARVES ON STREETS.—The city of Benicia, having reserved a strip of land for public streets, between its waterfront line and the lands which it sold into private ownership, has the right, although such streets are covered with water, to convert the same into public wharves, or to build such structures along them or at their termini, and such use is no invasion of the rights of proprietors of abutting lands, lying between the streets and the uplands.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial.  A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

George A. Lamont, for Appellant.

Frank M. Stone, and C. P. Stevens, for Respondents.

HENSHAW, J.—Appeals from the judgment and from the order denying plaintiff a new trial.

Benicia is a city of the sixth class. It is situated upon the north shore of the straits of Carquinez, and its boundary upon the south is the middle line of the channel. The state granted to the city the lands under the waters of the straits, within its corporate limits, and authorized the sale of the lands into private

ownership. (Stats. 1855, p. 239; Stats. 1859, p. 315; Stats. 1868, p. 206.) It also defined the permanent waterfront line of the city. (Stats. 1859, p. 315; Stats. 1868, p. 266.) Outside of the waterfront line is a line established by authority of the United States government, and called the pier head line, beyond which the construction of piers and wharves is not permitted. The city mapped and subdivided its submerged lands within the waterfront line into streets, blocks, and lots, and sold them in parcels to purchasers. Plaintiff became the owner of an undivided interest in certain of these lots. As described in the complaint, they are covered by waters and "bounded on the north by Water street, on the west by First street, on the south by Front street, and on the east by the permanent waterfront of the city." There was upon plaintiff's property a ferry slip opening onto the eastern waterfront.

Upon the south of the property the waterfront line followed the south line of Front street, which street is sixty feet wide. There is thus in this direction a public highway sixty feet in width between plaintiff's property and the waterfront line. Upon the west of the property is First street, eighty feet wide, extending from the shore into deep water beyond plaintiff's lands.

The city constructed a wharf upon the line of First street, thus interfering with the free access by water to plaintiff's lands from the west, and at the end of the wharf beyond the line of the waterfront erected a pier head extending for a considerable distance along the southerly frontage of the lands, but distant therefrom more than the width of Front street, which intervened.

The city of Benicia, it is conceded, is authorized by its charter to erect and maintain wharves and similar structures. Its privilege in this regard, however, is not exclusive, but may be enjoyed by other owners of suitable lands.

Plaintiff prosecuted this action to abate the city's wharf as a nuisance, or to obtain damages for the injury it occasioned his property. The findings and judgment of the trial court were adverse to him.

Over none of the foregoing facts is there the slightest dispute. Yet in and of themselves they are determinative of the controversy.

When the state establishes the permanent waterfront or harbor line for one of its municipalities, and authorizes the sale of lands lying between such line and the uplands, it is a legislative declaration that these lands may pass into private ownership without interference with the public rights of navigation and fishery. They may then be reclaimed from the waters by their owners and devoted to any one of the infinity of uses to which uplands are put, or, if suitably located, and there be no restriction in the grant, they may, under legal sanction, be covered with wharves, docks, and like structures. In this the action of the state with regard to the water lots of the city of San Francisco forms a typical and conspicuous example which has so recently been used in illustration that it is necessary only to refer to the case of *Oakland v. Water Front Co.*, ante, p. 160.

But it is the owners of land abutting upon the waterfront line who, under legal sanction, may thus build into the deeper public waters beyond. The owners of the inner water lots do not enjoy this right by virtue of their holding more than do the owners of the uplands. Their right of access to navigable waters or to the uplands is by the streets, and this right they enjoy with the whole public.

The city of Benicia, it is seen, reserved from sale and held for public use much of this land in the form of streets. In particular it was careful to preserve a strip of land sixty feet in width, between the waterfront line and the lands which it sold into private ownership. These streets are covered by water, it is true, but where legislative authority exists, it is not to be questioned that the streets themselves may be converted into public wharves or such structures may be built along them or at their termini. And this use is no invasion of the rights of the proprietors of abutting lands. (Dillon on Municipal Corporations, 4th ed., sec. 110; *Backus v. Detroit*, 49 Mich. 110; 43 Am. Rep. 447; *Haight v. Keokuk*, 4 Iowa, 199; *McMurray v. Baltimore*, 54 Ind. 103; *Mayor v. Morris Canal Co.*, 12 N. J. Eq. 547; *Lansing v. Smith*, 8 Cow. 146.)

Thus the city of Benicia was exercising an undoubted right in constructing its wharf, and any detriment which plaintiff's property may have suffered thereby is in no sense a legal taking or im-

pairment of it.  As well might one who had acquired property upon the line of a street dedicated to the public, but not yet used, complain of injury when in due course of time the authorities opened it to public travel.

*Shirley v. Bishop*, 67 Cal. 543, upon which appellant relies, so far from conflicting with these views, is authority to support them.  The litigation there affected these same lands, but the city was then constructing a wharf interfering with the eastern access to plaintiff's property where it abuts upon the harbor line. It was decided that the owner of land, the boundary of which forms part of the permanent waterfront, has a vested right of access to the navigable waters of which he cannot be deprived without compensation.

The judgment and order appealed from are affirmed.

McFarland, J., and Temple, J., concurred.