[L. A. No. 5993. In Bank.—March 10, 1920.]

## THOMAS LEE WOOLWINE, etc., Petitioner, v. THE SUPERIOR COURT, etc., et al., Respondents.

[1] COUNTIES — POWER OF SUPERVISORS — EMPLOYMENT OF COUNSEL. — Under section 4041 of the Political Code, which declares that a board of supervisors shall have power under such limitations and restrictions as are prescribed by law to direct and control the prosecution and defense of all suits to which the county is a party, not only is it empowered to employ counsel to assist the district attorney, but it may also employ counsel for the purpose of directing and controlling the prosecution and defense of any suit to which the county is a party.

[2] ID.—DISCRETION OF SUPERVISORS—REVIEW BY COURTS.—The exercise of the power by a board of supervisors to employ special counsel is a matter of discretion, and is not open to review by the court except perhaps for fraud.

[3] ID.—SUBSTITUTION OF DISTRICT ATTORNEY FOR SPECIAL COUNSEL—MANDAMUS.—The superior court cannot be compelled by a writ of mandate to grant the application of a district attorney to substitute him as attorney of record for his county in certain pending actions in which the county is a party, where the county is represented by an attorney authorized by the board of supervisors, and neither such attorney nor the county consents to or makes application for any change of attorney.

APPLICATION for Writ of Mandamus to compel the Superior Court of Los Angeles County to make an order substituting the district attorney as attorney for the county in certain pending actions. Denied.

The facts are stated in the opinion of the court.

Thomas Lee Woolwine, Frank W. Stafford and Geo. E. Cryer for Petitioner.

A. J. Hill, Robert B. Murphey and Paul Vallee for Respondents.

SHAW, J.—This is an original proceeding in this court for a writ of mandate.

The petition prays for a writ to compel the superior court of Los Angeles County to make and enter an order in each of three certain actions pending in said court, to which the county of Los Angeles is a party, in one of them as a party plaintiff and in the others as defendant, substituting the petitioner, as district attorney of said county, as attorney for the county in said actions, respectively, in place and stead of A. J. Hill, Esq., who is now the attorney of record for the county in each of said actions.

The plaintiff seeks, by this method, to obtain an adjudication of the question whether or not the provision of section 7½ of article XI of the constitution, relating to county charters, declaring that "the provisions of such charters relating to the powers and duties of boards of supervisors and all other county officers shall be subject to and controlled by general laws," is controlling upon county charters to such an extent that any provisions of such charters purporting to prescribe the duties of the several officers of such county are invalid whenever they are in conflict with the general county government law on that subject. He contends that under this provision it is not competent in any county charter to take from any county officer the duties prescribed for him in the county government law and give the same to some other officer provided for in such charter. He also claims that the amendment of section 4153 of the Political Code, enacted by the legislature of 1919 (Stats. 1919, p. 794), exempting from the operation of general laws the district attorneys of counties having charters creating the office of county counsel, is a special law and, therefore, void. The matter is important, for if the contentions of the district attorney are correct, all the provisions of the Los Angeles County charter prescribing the duties of the county officers would be annulled, so far as they conflict with the general laws.

Notwithstanding the importance of the question, we have reached the conclusion that it cannot be raised in this proceeding. The claim of the district attorney is that, under the general law prescribing the duties of district attorneys, that officer, and no one else, is authorized to appear in the courts to prosecute or defend actions on behalf of the county, and, consequently, that it is the legal duty of the court to substitute him as district attorney for any other person who, by any means, has been entered as attorney of record for the county in any such action. Section 4041 of the Political Code, relating to the powers of supervisors, declares that they shall have jurisdiction and power, under such limitations and restrictions as are prescribed by law, "to direct and control the prosecution and defense of all suits to which the county is a party, and, by a two-thirds vote of all the members, may employ counsel to assist the district attorney in conducting the same." (Subd. 16.) [1] Under this provision it has become the settled law of the state that the board of supervisors has power to employ an attorney, other than the district attorney, to prosecute or defend an action to which the county is a party. "Not only are they empowered to employ counsel to assist the district attorney, but they may also employ counsel for the purpose of directing and controlling the prosecution and defense of any suit to which the county is a party. [2] Whether, in any particular case, such employment shall be made is addressed to the discretion which they are to exercise in behalf of the public interests. If, in their opinion, the interests of the county require such employment it is their duty to secure the services of a competent attorney therefor." (*Lamberson* v. *Jefferds*, 118 Cal. 365, [50 Pac. 404].) "This is rested upon the ground that the district attorney may be incompetent, or sick, or absent from the county, or engaged in any other business, so that he cannot attend to it, or the business to be transacted may be outside of the county." (*Lassen County* v. *Shinn*, 88 Cal. 512, [26 Pac. 366]. Other cases to the same effect are *Hornblower* v. *Duden*, 35 Cal. 670; *Merriam* v. *Barnum*, 116 Cal. 623, [48 Pac. 727]; *Merced Co.* v. *Cook*, 120 Cal. 276, [52 Pac. 721].) A distinction is made in *Merriam* v. *Barnum*, between the power to employ other attorneys "to defend or prosecute a suit," which power is conceded to the board, and the power

to employ an attorney to advise the supervisors concerning their duties in matters coming before them, which power, the case decides, does not exist. But all the cases hold that the exercise of the power is a matter of discretion and is not open to review by the courts, except, perhaps, for fraud. It is conceded that in the cases mentioned in the complaint herein the supervisors had authorized A. J. Hill to appear as the attorney for the county of Los Angeles and to conduct the prosecution and defense of said cases, and that he had so appeared.

The *mandamus* is sought to control and direct the action of the superior court in the conduct of the cases pending before it. That court is, of course, bound by the provisions of law on the subject. The Code of Civil Procedure, section 284, provides that the court may make an order changing the attorney of record for a party in an action, ''1. Upon consent of both client and attorney, filed with the clerk, or entered upon the minutes; 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other.'' The county of Los Angeles is the client concerned in this matter in each of said actions. It has not consented to any change of attorney therein, but, on the contrary, it appears that it is insisting that Mr. Hill be continued as such attorney of record for the county. Neither Mr. Hill nor the county has made any application for an order to substitute any other person as attorney of record in said cases. [3] Under these circumstances, and in this condition of the law, if the superior court is not bound to deny the application of the district attorney to be substituted as attorney of record in said cases, it is at least true that it cannot be compelled to do so by means of a writ of mandate from the supreme court. Inasmuch as the board of supervisors has discretion to refuse to make any application to apply for a change of attorneys in the cases, or to consent thereto, and as its action therein is not open to review by the courts, it would seem that the matter is foreclosed so far as this court and the superior court are concerned. The plaintiff, if he wishes to present the question first above mentioned, must resort to some other method of bringing it before the court.

The petition for a writ is denied.

Wilbur, J., Olney, J., Lennon, J., Lawlor, J., and Angellotti. C. J., concurred.