[S. F. No. 11765.   In Bank.—February 18, 1926.]

In the Matter of the Guardianship of the Person and Estate of FRANK J. SULLIVAN, etc., an Incompetent Person.

[1] GUARDIAN AND WARD—UNAUTHORIZED APPEAL—VOID NOTICES—DISMISSAL.—Where an attempted appeal from a decree declaring a person incompetent and appointing a guardian of his person and estate is taken by an attorney without authority from the incompetent, the filing of the notice of appeal and the filing of a notice to the clerk for the preparation of a record in accordance with section 953a of the Code of Civil Procedure are void and ineffectual; and the appeal, therefore, is not taken in accordance with law, and is subject to be dismissed on motion.

----

(1) 6 C. J., p. 654, n. 53 New.

MOTION to dismiss an appeal from a decree of the Superior Court of the City and County of San Francisco appointing a guardian of an incompetent. Frank H. Dunne, Judge. Motion granted.

The facts are stated in the opinion of the court.

Robert P. Troy for Appellant.

Cushing & Cushing for Respondents.

----

1. See 2 Cal. Jur. 745.

SEAWELL, J.—This is a motion to dismiss an appeal perfected by one Robert P. Troy, from an order adjudging one Frank J. Sullivan to be an incompetent and appointing his children, Noel Sullivan and Gladys S. Doyle, guardians of his person and estate. **[1]** Said attorney has, at all times during the pendency of the instant proceeding, and now subscribes himself as the attorney for the said Frank J. Sullivan and claims the authority to represent the latter in the premises. In the case of *Sullivan* v. *Dunne, ante,* p. 183 [244 Pac. 343], it was determined by this court, on a proceeding in *mandamus,* that the said Robert P. Troy had no authority from the said Frank J. Sullivan to appear for him in the said cause and by reason thereof the notice of appeal and the notice to the clerk for the preparation of a record in accordance with section 953a of the Code of Civil Procedure were void and ineffectual. The appeal has not been taken, therefore, in accordance with law, and is subject to be dismissed on motion. (*Title Ins. & Trust Co.* v. *California Development Co.,* 168 Cal. 397 [143 Pac. 723].)

From what has been said herein, and in the case of *Sullivan* v. *Dunne, supra,* the motion to dismiss the appeal must be granted and the appeal is dismissed.

Richards, J., Shenk, J., Lawlor, J., Curtis, J., Waste, C. J., and Lennon, J., concurred.

Rehearing denied.