[Civ. No. 16154. Second Dist., Div. Two. Dec. 2, 1947.]

MARTHA McCLURE, Respondent, v. LAURA ALPHA DONOVAN, Appellant.

[Civ. No. 16172. Second Dist., Div. Two. Dec. 2, 1947.]

Guardianship of the Person and Estate of JEFFERSON D. CARUTHERS, an Incompetent Person. LOUIS A. GHIOTTO, Respondent, v. JEFFERSON D. CARUTHERS, Appellant.

Lee J. Myers and William Kay Crawford for Appellant.

Martin, Hahn & Camusi and Eldred E. Wolford for Respondent.

WILSON, J.—The above-entitled matters are before the court on motions to dismiss the appeals.

Number 16154 is an appeal from a judgment annulling a marriage purporting to have been solemnized between Jefferson D. Caruthers and Laura Alpha Donovan. The action was brought on behalf of Mr. Caruthers by Martha McClure, his sister, upon the ground that at the time of the marriage he was wholly incompetent and incapable by reason of incompetence of contracting the marriage and continued to manifest a state of mind rendering him an incompetent person. It is further alleged that in the purported marriage the defendant took undue advantage of the mental condition and illness of Mr. Caruthers and was seeking to obtain his life savings and earnings.

Number 16172 is a purported appeal from a judgment and order appointing Louis A. Ghiotto as guardian of the person and estate of Mr. Caruthers, in which the court made a finding that for a long time prior to the filing of the petition for guardianship he was and is, by reason of old age, disease and weakness, incapable of properly managing and taking care of himself or his property.

The records of the two proceedings, including the affidavits upon which the motions to dismiss the appeals are based, show that the attorneys who appeared for Mrs. Donovan (or Caruthers) in the trial of the action for annulment of the marriage and who appear for her in this court on the appeal from the judgment in that action, are the same attorneys who filed the purported notice of appeal from the order appointing the guardian. The affidavits also show that an action has been filed on behalf of Mr. Caruthers by his guardian to recover property conveyed by him to his purported wife.

Since the alleged incompetent is the plaintiff in the action

to annul the marriage and in the action to recover the property, the attorneys plainly represent adverse interests when they attempt to appear for Mr. Caruthers on the appeal in the guardianship proceeding while they are at the same time representing his purported wife in the annulment proceeding. No counsel appeared for him at the hearing of the guardianship proceeding in the superior court.

An attorney has a constant and perpetual rendezvous with ethics. He stands as a trustee for his client's interests—a most sacred and confidential relationship. It is elementary that a conflict of interest between a trustee and his beneficiary is never permissible. As a trustee cannot maintain an attitude adverse to his beneficiary, so an attorney may not represent claims inconsistent with those of his client or conflicting claims of two clients. He cannot serve two masters.

In the annulment action Mrs. Donovan (or Caruthers) maintains that Mr. Caruthers is competent to attend to his business and it is her obvious desire that the order appointing the guardian be reversed and the guardianship proceedings quashed. Such a result would redound to her benefit in the annulment case. On the other hand Mr. Caruthers, by the filing of a nomination of Mr. Ghiotto and requesting his appointment, has indicated, insofar as his mental condition permitted, his wish to be protected by a guardian. A nomination of Mr. Ghiotto was also filed by Martha McClure, Mr. Caruther's sister, who appears in his behalf in the annulment action.

It appears from the affidavits accompanying the notice of motion to dismiss the appeals that the attorneys who filed the purported notice of appeal in the guardianship proceeding are acting without authority. The affidavits recite that no counsel or attorney has been retained or requested by Mr. Caruthers to prosecute an appeal from the order appointing the guardian of his person and estate, nor has any attorney or counsel conferred with him upon the subject. Counsel who filed the appeal assert by affidavit that after the decision was rendered in the trial court Mr. Caruthers gave them express instructions to appeal both in the annulment case and in the guardianship proceedings. In view of the conflict in the affidavits the issue of fact need not be discussed. Counsel who appealed admit that they have not seen Mr. Caruthers since December 26, 1946, although demand has been made on the guardian for permission to interview him. Application was made to the court

for an order allowing counsel to see Mr. Caruthers but the order was refused. ■ Since they were attempting (1) to represent conflicting interests or (2) to interview the plaintiff in an action in which they were counsel for the defendant, the court fittingly denied the request for an interview.

■ In an affidavit by the physician-psychiatrist who was appointed by the trial judge to make an examination of Mr. Caruthers during the trial, he states that he examined Mr. Caruthers in October, 1946, and in January, March and April, 1947, and in his opinion Mr. Caruthers was and is of unsound mind; that in his presence counsel for respondent questioned Mr. Caruthers regarding the matter of the appeal from the order appointing a guardian, and that Mr. Caruthers indicated no knowlege of any court action involving his person, either past or present. Affiant further states that in his opinion it would be futle for Mr. Caruthers to sign any document indicating an election either to proceed with or to dismiss the appeal since he is incapable of grasping the significance of any such document or of understanding its meaning.

■ An attorney may not appeal from an order appointing a guardian unless he has been authorized so to do by the incompetent. (*Guardianship of Gilman,* 23 Cal.2d 862, 864 [147 P.2d 530] ; *Sullivan* v. *Dunne,* 198 Cal. 183, 192 [244 P. 343].) An attempted appeal from such an order filed by an unauthorized attorney will be dismissed. (*Estate of Sullivan,* 198 Cal. 195, 196 [244 P. 347].)

It is manifest that if Mr. Caruthers made the request that an appeal be taken he was mentally incompetent to know the meaning of what he said and such request therefore did not confer authority on the attorneys to proceed with the appeal. The good faith of counsel in filing the notice of appeal is not brought into question by the attorneys for respondent and is not involved in this ruling.

No reason has been made to appear for the dismissal of the appeal in the annulment case.

The motion to dismiss the appeal in Number 16172 (guardianship) is granted. The motion to dismiss the appeal in Number 16154 (annulment) is denied.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing in Number 16172 was denied December 19, 1947.