[Civ. No. 1131.   Fifth Dist.   Mar. 26, 1969.]

MARY FRANCES CLOER et al., Petitioners, v. THE SUPERIOR COURT OF TULARE COUNTY, Respondent.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Petitioners.

No appearance for Respondent.

Carmen Eanni as Amicus Curiae.

CONLEY, P. J.—The automobiles of Mary Frances Cloer and Joyce Loretta Shirey collided in Tulare County on November 2, 1966. As a result, three cases were filed claiming damages; all of these cases are now pending in the Superior Court of Tulare County. Case No. 64806 is entitled Robert Lawrence Shirey et al. v. Mary Frances Cloer et al.; the second case, No. 64938, is Catherine Inez Cloer v. Joyce Loretta Shirey et al., and action No. 65518 is entitled Pearl Green v. Joyce Loretta Shirey et al.

The focal point of the action by the trial judge is the fact that both automobiles were insured by a single insurance company, State Farm Mutual Automobile Insurance Company. In response to the basic provision of the policy insuring the Cadillac automobile of Mary Frances Cloer in action No. 64806, the insurance company requested petitioners, Stutsman, Nagel, Ferrari & Cole and J. J. Nagel of said firm, to appear in defense of petitioner, Mary Cloer, and requested Frederic A. Jacobus to appear on behalf of petitioner, Joyce Loretta Shirey, and defend her in the actions above referred to numbered 64938 and 65518. The respective attorneys accepted the representation of said parties and, from the beginning of these cases until the order hereinafter referred to preventing their further participation in the litigation, they represented said respective parties and discharged their obligations to the parties for whom they were attorneys in compliance with the standards of professional ethics.

On March 1, 1968, the respondent court granted a motion to consolidate for trial actions No. 64806, 64938 and 65518. On

July 31, 1968, a pretrial conference was held, and the consolidated cases were set for trial on November 19, 1968. The pretrial conference order further provided that plaintiff, Pearl Green, in action 65518 should have leave to file a motion to sever the cases for trial if the motion were filed on or before October 15, 1968.

On November 19, 1968, the date assigned for trial of the consolidated actions, counsel for plaintiff, Pearl Green, moved the court to sever said cases for trial on the ground that petitioners, Mary Frances Cloer and Joyce Loretta Shirey, were both insured by the same company, State Farm Mutual Automobile Insurance Company. The court denied the motion for severance, but on its own motion and contrary to the wishes of the petitioners, Mary Frances Cloer and Joyce Loretta Shirey, and their attorneys of record, Stutsman, Nagel, Ferrari & Cole, J. J. Nagel and Frederic A. Jacobus, and also contrary to the wish of Donald C. Mitchell, who is an additional attorney of record for Joyce Loretta Shirey in action No. 64806, discharged the petitioner attorneys, that is to say, Stutsman, Nagel, Ferrari & Cole, J. J. Nagel and Frederic A. Jacobus, from any further representation of their respective petitioner clients, Mary Frances Cloer and Joyce Loretta Shirey. That order requires the petitioner attorneys, Stutsman, Nagel, Ferrari & Cole, J. J. Nagel and Frederic A. Jacobus, to retire from the litigation and to take no further part in said actions No. 64806, 64938 and 65518. The result of this order is to leave petitioner, Mary Frances Cloer, without representation under her insurance policy in defending the claims brought against her in action 64806, and to leave Joyce Loretta Shirey without representation in cases numbered 64938 and 65518.

Neither client nor any attorney has ever applied to the court for change of counsel, and the petitioners desire to have the respective attorneys continue to represent their clients as above alleged.

It seems clear to this court that the order preventing the respective attorneys from representing their clients contrary to the wishes of all those involved is beyond the jurisdiction of the court. In this connection, the Code of Civil Procedure, section 284 provides: ''The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: 1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; 2. Upon the order of the court,

upon the application of either client or attorney, after notice from one to the other.''

In *Woolwine* v. *Superior Court*, 182 Cal. 388 [188 P. 569], it is said: "The county of Los Angeles is the client concerned in this matter in each of said actions. It has not consented to any change of attorney therein, but, on the contrary, it appears that it is insisting that Mr. Hill be continued as such attorney of record for the county. Neither Mr. Hill nor the county has made any application for an order to substitute any other person as attorney of record in said cases.'' The opinion continues: ''Inasmuch as the board of supervisors has discretion to refuse to make any application to apply for a change of attorneys in the cases, or to consent thereto, and as its action therein is not open to review by the courts, it would seem that the matter is foreclosed so far as this court and the superior court are concerned.'' (182 Cal. 388 at p. 391.)

The case of *Gray* v. *Zurich Ins. Co.*, 65 Cal.2d 263 [54 Cal.Rptr. 105, 419 P.2d 168], indicates quite understandably that when a person insures his operation of an automobile, as in the present case, he has a right to require that the contract contained in the policy shall ordinarily be met by the insurance company; this obvious fact is accompanied by a similar right on the part of the company to defend suits against the insureds, in accordance with the terms of the policy.

In the present case, there is not the slightest indication of fraud on the part of anyone. The insured parties are satisfied with the lawyers assigned to them; such attorneys are controlled by the sound ethics of the profession, and there is no indication that they will not respectively carry out their duties.

In *Lysick* v. *Walcom*, 258 Cal.App.2d 136, 146-147 [65 Cal. Rptr. 406], it is remarked: ''It sometimes happens, while such attorney is representing both the insured and the insurer, that a conflict of interest arises between his two clients. A conflict of interest between his two clients, however, does not necessarily require that the attorney withdraw from the case or that he terminate the relationship of attorney and client with the client whose interests would prevent the attorney from devoting his entire energies in that client's behalf and to that client's interests, although he may choose to do so. In California, an attorney may usually, under minimum standards of professional ethics, represent dual interests as long as full consent and full disclosure occur.''

The petition for a writ of mandate is granted; the trial

court is directed to rescind and set aside its order of November 19, 1968, for the discharge of said attorneys, and is further directed to permit and recognize representation by Stutsman, Nagel, Ferrari & Cole and J. J. Nagel as attorneys of Mary Frances Cloer, and representation by Frederic A. Jacobus as attorney of Joyce Loretta Shirey in the respective cases above specified; it is further ordered that the temporary stay of proceedings in said cases is set aside.

Stone, J., and Gargano, J., concurred.