COPE, Judge
(dissenting).
The power of the trial court to appoint the public defender to represent an indigent defendant, Fla.R.Crim.P. 3.111, carries with it the power to revoke that appointment if the conditions for representation cease to be met. See § 27.51, Fla.Stat. (1991).
In chapter 316 traffic cases punishable by imprisonment the public defender is authorized to represent indigent defendants “unless the court, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if he is convicted_” § 27.51(l)(b), Fla.Stat. (1991). The statute does not require that the imprisonment/no imprisonment determination be made prior to the initial appointment of the public defender. On the contrary, as the statute expressly states, the “no imprisonment” determination may be made by the court at any time prior to trial. Here, the “no imprisonment” determination was made, as the statute allows, prior to trial. On the facts present here, there was no abuse of discretion in the county court’s ruling. The appellate division of the circuit court denied certiorari. I would not disturb that ruling.*

 While there is authority to the contrary, those cases are factually distinguishable. In Allen v. McClamma, No. 87-651 (Fla. 2d Cir.Ct. Nov. 1, 1988) the county court consolidated two cases for trial while issuing a no imprisonment order for one of them. Slip op. at 5. "Consolidation of the two offenses made it impractical, if not impossible, for the defense of each case to operate in a vacuum.” Id. On those facts, the county court either had to allow the public defender the latitude to handle the entire defense, or sever the "no imprisonment" offense.
Similarly, in Roswall v. Municipal Court, 89 Cal.App.3d 467, 152 Cal.Rptr. 337 (Ct.App.1979), *930 the concern was that the trial court revisited the defendants’ indigency status after defendants demanded a jury trial. No such circumstances are present here.